**GRAYROBINSON**

Scott L. Cagan  |  Scott.Cagan@gray-robinson.com  |  **D** 954.761.7517
401 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida  33301  |  **T** 954.761.8111  |  **F** 954.761.8112

September 22, 2022

**VIA ECF**

Honorable John P. Cronan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

Re:   *Jane Doe* v. *Telemundo Network Group LLC*, *NBCUniversal Media, LLC*, *Comcast Holdings Corporation*, *Acun Media Pacific LLC*; *Francisco Suarez*; *and Rafael Ortega*, Case No.: 1:22-cv-07665 (JPC) (KHP)

Your Honor:

I am a partner with the law firm GrayRobinson, P.A., which represents Defendant Francisco Suarez ("Defendant") in the above-referenced action. I write to seek approval regarding making an appearance in this case, in light of the requirements of New York Judiciary Law § 470, as it pertains to non-resident attorneys, like myself.

I was admitted to practice in the United States District Court for the Southern District of New York ("S.D.N.Y.") in 1990, and have continuously remained a member in good standing of the bar since my admission. I have also continuously maintained good standing before the courts of the States of New York, New Jersey, and Florida, since my admissions in 1989, 1988, and 1989, respectively.  My law firm maintains offices within the state of Florida and District of Columbia, only.

I am aware of the requirement in NEW YORK JUDICIARY LAW § 470 that non-resident attorneys must maintain a physical "office for the transaction of law business" within New York in order to practice law "in the courts of record of this state." N.Y. JUD. LAW § 470 (McKinney 2016) (emphasis added) (hereinafter "§ 470").

On the face of § 470, it is apparent that the physical in-state office requirement applies only to practice before New York's state courts, that is, "in the courts of record of this state." N.Y. JUD. LAW § 470 (McKinney 2016).  I am unaware of any federal or local court rule imposing a similar office requirement to appear in federal court in New York.

Furthermore, the Second Circuit examined the requirements of § 470 in *Schoenefeld v. Schneiderman*, 821 F.3d 273 (2d Cir. 2016).  Although the *Schoenefeld* decision does not directly address whether the in-state office requirement for non-resident attorneys applies to both state and federal practice, the Court indirectly acknowledges that its analysis of § 470 is in fact limited to state court practice, when it noted that § 470 did not serve an unlawful purpose concerning attorneys "practicing law in the *state's* courts." 821 F.3d at 286 (emphasis added).  The *Schoenefeld* discussion also pointed out that "rules differentiating between resident

Honorable John P. Cronan
September 22, 2022
Page 2

and nonresident attorneys are 'more difficult to justify in the context of federal-court practice than they are in the area of state-court practice.'" *Schoenefeld*, 821 F.3d at 286, n.14 (citing *Frazier* v. *Heebe*, 482 U.S. 641, 647, n.7 (1987)). From this language, it appears that § 470 does not apply to the practice of law before the federal courts.

Based on the plain language of § 470, as well as the Second Circuit's interpretation of the same in *Schoenefeld*, and in the absence of any contrary federal or local rule, I would like to make an appearance on behalf of Defendant in this case, as a duly admitted member in good standing of the bar of the S.D.N.Y. However, in the interest of transparency and in an abundance of caution, I respectfully seek confirmation that I may properly appear as counsel of record for Defendant in this action.

I further note that my colleagues, Marlene Quintana and Fabian Ruiz, who are partners in my firm and not admitted to practice in the State of New York, will be filing a Motion for Appearance Pro Hac Vice, and would act as principal trial counsel for Defendant in this matter.

I understand that the approval sought herein would be for purposes of the instant action only.

I have conferred with Plaintiff's counsel prior to filing this letter request, who does not object to my appearance in this action.

I thank the Court in advance for its time and consideration of this request.

Respectfully submitted,

/s/ Scott L. Cagan
Scott L. Cagan, Esq.
GrayRobinson, P.A.
401 E. Las Olas Boulevard, Suite 1000
Fort Lauderdale, FL 33301-4210
Telephone: (954) 761-8111
Scott.cagan@gray-robinson.com

If Mr. Cagan is an active member of the Southern District of New York bar, he is authorized file a notice of appearance in this case. The Clerk of Court is respectfully directed to close docket number 13.

SO ORDERED.

November 7, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

cc: All counsel (via ECF and email)