UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

        *Plaintiff*,

v.

TELEMUNDO NETWORK GROUP LLC;
NBCUNIVERSAL MEDIA, LLC;
COMCAST HOLDINGS CORPORATION;
ACUN MEDIA PACIFIC LLC;
FRANCISCO SUAREZ; and
RAFAEL ORTEGA,

        *Defendants*.

Case No. 1:22-CV-07665-JPC

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PROCEED UNDER PSEUDONYM**

---

Dated: December 6, 2022

Eric M. Baum, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
Main: (212) 353-8700
Fax: (917) 591-2875
ebaum@eandblaw.com
*Attorneys for Plaintiff*

**INTRODUCTION**

Plaintiff submits this memorandum of law in support of her motion for leave to proceed anonymously under a "Jane Doe" pseudonym. As courts may use their discretion to allow a litigant to proceed anonymously, Plaintiff respectfully prays that this court grant her this request.

Plaintiff is a well-known figure who, through this lawsuit, is confronting powerful media conglomerates and their producers for the abuse she suffered at their hands. After being isolated by Defendants in the ICU and prevented from contacting her family, Plaintiff was raped by a powerful producer of the show she was filming and was shunned from further seasons of the show after objecting. To prevent further damage to her career through Defendants' retaliation, and to avoid further psychological trauma, Plaintiff begs this Court to allow her to proceed without disclosing her full identity. Plaintiff's privacy interest far outweighs any public interest in this case or prejudice to Defendants, and there is no alternative to protect her identity and health. For these reasons and those set forth below, Plaintiff asks that her motion be granted in its entirety.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is a famous athlete and television personality who appeared on a season of Telemundo's "Exatlón Estados Unidos." Despite her popularity on the show, she was not invited back for further seasons after the events set forth below.

Plaintiff was injured during the production of the show and required hospitalization in an intensive care unit. Defendants forbade her from contacting any of her friends and family and forced her only to communicate with Defendant Ortega, a powerful and influential producer of the show. Defendants confiscated Plaintiff's phone and Mr. Ortega used this isolation to gain unrestricted access to her in her hospital room, as he was sexually interested in her.

A few months later, while the show was still in production, Mr. Ortega invited Plaintiff to come to a hotel under the guise of discussing her being in an upcoming season of the show. Other contestants from the show also attended this gathering, and left as the evening went on. Plaintiff intended to return home or stay with another contestant after this purported business meeting, but Mr. Ortega insisted she stay in his hotel room, even promising to sleep in another bed or on the floor. Plaintiff felt pressured to accept given his position, power, and status, and did so. But after she fell asleep, Plaintiff woke up shocked and horrified to find Mr. Ortega on top of her. Despite her protests, Mr. Ortega forced himself upon her and raped her. To make matters worse, Plaintiff then had to repeatedly interact with Mr. Ortega for the remainder of the season because Defendants tasked him with conducting "confessional" style one-on-one interviews of contestants that are common of reality shows like "Exatlón Estados Unidos."

On August 17, 2022, Plaintiff initiated a lawsuit against the same Defendants herein in New York County Supreme Court (Index No. 157058/2022) by filing a Summons and Complaint (NYSCEF Doc. 1) under a "Jane Doe" pseudonym. Plaintiff simultaneously filed a motion by Order to Show Cause (NYSCEF Docs. 2–4) requesting an Order permitting her to prosecute her claims under a "Jane Doe" designation on the grounds that state laws and regulations afforded Plaintiff privacy protections given the egregious nature of her claims. On September 8, 2022, Defendants filed a Notice of Removal to this Court (NYSCEF Doc. 13), and the Supreme Court accordingly denied Plaintiff's motion as moot (NYSCEF Doc. 14).

## ARGUMENT

Where the underlying facts are of a highly sensitive nature and disclosure of a plaintiff's identity may result in actual harm to her, courts in the Second Circuit may permit the "plaintiff [to] file a complaint under a pseudonym." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188

(2d Cir. 2008); *see also, e.g., Doe v. Bedford Cent. Sch. Dist.*, No. 18 CV 11797 (VB), 2019 U.S. Dist. LEXIS 20625, at *3 (S.D.N.Y. Feb. 8, 2019); *Smith v. Edwards*, 175 F.3d 99, 99 n. 1 (2d Cir. 1999). In so doing, the court must "balance a plaintiff[']s interest in anonymity against the public interest in disclosure and prejudice to defendants." *Sealed Plaintiff*, 537 F.3d at 193.

Specifically, the Second Circuit in *Sealed Plaintiff* identified a "non-exhaustive" list of ten factors that district courts should consider in balancing these interests, which pertinently include whether (1) the litigation involves matters that are highly sensitive and of a personal nature; (2) identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent non-parties; (3) identification presents other harms and the likely severity of those harms, including whether the injury litigated would be incurred as a result of the disclosure; (6) Defendants would be prejudiced by allowing Plaintiff to press her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) Plaintiff's identity has thus far been kept confidential; (8) the public's interest in the litigation is furthered by requiring disclosure; and (10) there are any alternative mechanisms for protecting the Plaintiff's confidentiality. *Id*. at 190.

This "factor-driven balancing inquiry" does not require a district court "to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4; *see also Osrecovery, Inc. v. One Groupe Int'l*, No. 02-CV-8993 LAK, 2003 U.S. Dist. LEXIS 8, at *5 (S.D.N.Y. Jan. 3, 2003) (finding that certain factors "have no bearing here"); *V.R. v. Bd. of Educ.*, No. 03 Civ. 1031 (LAK), 2003 U.S. Dist. LEXIS 3573, at *2 (S.D.N.Y. March 13, 2003) (finding certain factors "irrelevant"). Accordingly, these enumerated factors warrant permitting Plaintiff to proceed anonymously.

**A.      The litigation involves matters that are highly sensitive and of a personal nature**

Plaintiff is a victim of rape that was committed and/or facilitated by the Defendants herein. It has been held that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020). But these are not "allegations of sexual assault, *by themselves*." *Id.* (emphasis added). These Defendants are widely powerful media companies and producers, and this case is highly likely to receive media attention. As Plaintiff herself is a well-known media personality, particularly in the Spanish-speaking world, "the chance that [s]he would suffer reputational harm is significant." *Doe v. Doe*, 2020 U.S. Dist. LEXIS 220656, at *8 (E.D.N.Y. Nov. 24, 2020) (granting motion for a defendant to proceed anonymously and finding the first factor in his favor where he was a partner of a well-known law firm and adjunct law school instructor). And although "allegations of sexual assault . . . alone do[] not carry her burden," this first factor his met because Plaintiff "is likely to suffer social stigma as a victim of these crimes" and "permitting the details of these highly personal claims to be publicly associated with her may impact her family if her identity were revealed at this stage." *Doe v. Gooding*, 2021 U.S. Dist. LEXIS 141877, at *4 (S.D.N.Y. July 29, 2021) (finding that the first factor is met on these grounds and permitting plaintiff's pseudonymity).

**B.      Identification poses a risk of retaliatory physical or mental harm to Plaintiff**

As set forth above, Plaintiff is a well-known media personality, and Defendants wield a massive amount of power over her future career prospects. Publicizing her identity can cause additional retaliation against Plaintiff or her non-party family members not only by Defendants who are either large media companies or powerful producers of those companies, but also by other media companies who are known to "blacklist" individuals who object to or complain about the pervasive sexual misconduct in the showbusiness industry. Those companies and producers may

not know Plaintiff's identity now, but they certainly will should she be forced to proceed under her true identity here.

**C.     Identification will further harm an injury litigated here**

The third *Sealed Plaintiff* factor asks "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." 537 F.3d at 190 (citation omitted). Plaintiff's Amended Complaint (ECF No. 1-1) alleges that "Defendants have taken her livelihood, self-confidence, and dignity" as a result of the actions alleged therein. Am. Compl. ¶ 2. More specifically, the Amended Complaint also alleges that "Plaintiff suffered adverse employment consequences, including . . . being caused to suffer lost past and future wages [and] professional opportunities." Am. Compl. ¶ 67.

As set forth above, Plaintiff is a well-known and respected athlete and media personality. Should her identity be disclosed in this lawsuit, Plaintiff will undoubtedly suffer further damage to her career and professional opportunities, as other producers and media companies will no longer want to work with her. This is not merely speculation – it is clear that the showbusiness industry has a tendency to "blacklist" individuals who speak out against sexual misconduct by powerful producers and companies like, for example, Harvey Weinstein. Identifying Plaintiff will only further harm her career and future employment opportunities, an injury that is being litigated here.

**D.     Defendants will not be prejudiced by Plaintiff proceeding anonymously**

Defendants will not be prejudiced at this early stage of litigation, particularly where Defendants know Plaintiff's identity. *See V.R.*, 2003 U.S. Dist. LEXIS 3573 at *2 ("Here, the [prejudice] factor favors plaintiffs in view of the fact that the defendants know the plaintiffs[']

6

identities"). In other words, Defendants will still be able to investigate Plaintiff's allegations and respond accordingly, so no prejudice would befall them should the Court protect her identity. At this early stage of litigation, disclosure of Plaintiff's identify is not warranted. *See, e.g., Doe v. Gooding*, 2022 U.S. Dist. LEXIS 68607, at *18 (S.D.N.Y. April 13, 2022) ("[A]t least during this pre-trial stage, Defendant overstates the prejudice from Plaintiff's anonymity. Defendant already knows Plaintiff's real identity, so he is not greatly prejudiced in his ability to conduct discovery.") (citation and quotation marks omitted); *see also Doe v. Townes*, 2020 U.S. Dist. LEXIS 83550, at *16 (S.D.N.Y. May 12, 2020) ("Defendant, because he knows Plaintiff's name, is not greatly prejudiced in his ability to conduct discovery.").

E.  **Plaintiff's identity has been confidential thus far**

Plaintiff's identity has been confidential thus far, in the media, in Plaintiff's New York State lawsuit, and in the instant lawsuit. Plaintiff has not made any public announcements regarding her identities and allegations and the information upon which she bases her allegations is not known to anyone but Defendants. Accordingly, this factor should be found in favor of Plaintiff. *Cf. Doe v. Branca USA, Inc.*, 2022 U.S. Dist. LEXIS 1124177, at *14 (S.D.N.Y. July 13, 2022) (denying motion where the plaintiffs "allege[d] that they disclosed their allegations to others including [the defendant's] Vice President of Human Resources and the CEO's Executive Assistant" and that "[a]ny of those persons could identify for the public [] the names of Doe 1 and Doe 2.").

F.  **The public's interest is not furthered by requiring disclosure**

The public's interest would not be furthered by forcing Plaintiff to reveal herself. Rather, the public has an interest in being able to stand up to powerful individuals and companies without fear of retribution or economic harm. Victims of sexual assault will continue to be deterred from

seeking relief through civil suits if they are not permitted to proceed under a pseudonym, particularly where powerful entities and individuals are the perpetrators. While previous courts in a different social and political climate have rejected this deterrence argument in the past despite finding it "an unfortunate result," *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996), this Court has the power to reject that flawed finding and find, in the interest of justice, that anonymity is warranted here. *See, e.g., Doe v. Haynes*, 2019 U.S. Dist. LEXIS 98540, at *7 (E.D. Mo. June 12, 2019) (rejecting *Shakur*'s reasoning as a case "decided 23 years ago" and noting that "courts now place more weight on the psychological trauma faced by victims of sexual assault, the easy public access of court records online, and the deterrent effect that 'outing' a sexual assault victim may have on other victims").

**G.     There is no alternative means to protect Plaintiff**

There simply are no alternative mechanisms for protecting Plaintiff's confidentiality. Redactions and protective orders would not serve to protect disclosure of Plaintiff's identity, which would be publicly available information that is likely to ruin Plaintiff's career. Accordingly, in combination with all of the other factors set forth above, Plaintiff's identity should not be disclosed, and Plaintiff respectfully requests that the Court grant her this protection.

## CONCLUSION

For the reasons stated herein, the Court should grant Plaintiff's motion in its entirety.

Dated: December 6, 2022                                   Respectfully submitted,

                                                          /s/ *Eric M. Baum*
                                                          Eric M. Baum, Esq.
                                                          **EISENBERG & BAUM, LLP**
                                                          24 Union Square East, Penthouse
                                                          New York, NY 10003
                                                          (212) 353-8700
                                                          ebaum@eandblaw.com
                                                          *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Eric Baum, counsel for Plaintiff Jane Doe in the above-captioned case, do hereby certify that on December 6, 2022, I electronically filed this document with the Clerk's Office using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys.

/s/ *Eric M. Baum*
Eric M. Baum, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
(212) 353-8700
ebaum@eandblaw.com
*Attorneys for Plaintiff*