UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

JANE DOE,                                              :
                                                       :
                          Plaintiff,                   :        Index No.: 22 Civ. 7665 (JPC)(KHP)
                                                       :
          - against –                                  :
                                                       :
TELEMUNDO NETWORK GROUP, LLC;                          :
NBCUNIVERSAL MEDIA, LLC; COMCAST                       :
HOLDINGS CORPORATION; ACUN MEDIA                       :
PACIFIC LLC; FRANCISCO SUAREZ; and                     :
RAFAEL ORTEGA,                                         :
                                                       :
                          Defendants.                  :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X


**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY**


Dated:   New York, New York            SLARSKEY LLC
         January 6, 2023               Renee Bea
                                       Richard Weingarten
                                       767 Third Avenue, 14th Floor
                                       New York, New York 10017
                                       (212) 658-0661
                                       *Counsel for Defendant Rafael Ortega*


                                       GRAYROBINSON, P.A.
                                       Fabian A. Ruiz
                                       333 S.E. 2nd Avenue, Suite 3200
                                       Miami, Florida 33131
                                       (305) 416-6880
                                       *Counsel for Defendant Francisco Suarez*

# TABLE OF AUTHORITIES

<u>CASES</u>

*Abdel-Razeq v. Alvarez & Marshal, Inc.*,
  2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015) .......................................................................... 7

*Anonymous v. Medco Health Sols., Inc.*,
  588 F. App'x 34 (2d Cir. 2014) ........................................................................................... 17

*Anonymous v. Simon*,
  2014 WL 819122 (S.D.N.Y. Mar. 3, 2014) ............................................................................ 9

*Doe v. Berg*,
  2016 WL 11597923 (S.D.N.Y. Feb. 10, 2016) ...................................................................... 16

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ..................................................................................... 3, 10

*Doe v. Delta Airlines, Inc.*,
  310 F.R.D. 222 (S.D.N.Y. 2015) .......................................................................................... 11

*Doe v. Juan Gonzales Agency Corp.*,
  2022 WL 3100669 (S.D.N.Y. Aug. 4, 2022) .................................................................... 16, 17

*Doe v. Leonelli*,
  2022 WL 2003635 (S.D.N.Y. June 6, 2022) ................................................................... 6, 7, 10

*Doe v. McLellan*,
  2020 WL 7321377 (E.D.N.Y. Dec. 10, 2020) ................................................................. 6, 7, 12

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) ............................................................................... 5, 11, 14

*Doe v. Skyline Automobiles Inc.*,
  375 F. Supp. 3d 401 (S.D.N.Y. 2019) .......................................................................... passim

*Doe v. Townes*,
  2020 WL 2395159 (S.D.N.Y. May 12, 2020) ............................................................... passim

*Doe v. United States*,
  2017 WL 2389701 (S.D.N.Y. June 1, 2017) ........................................................................ 16

*Doe v. Weinstein*,
  484 F. Supp. 3d 90 (S.D.N.Y. 2020) ........................................................................ 3, 5, 8, 12

*Free Mkt. Comp. v. Commodity Exch., Inc.*,
    98 F.R.D. 311 (S.D.N.Y. 1983) ................................................................................ 7

*Guerrilla Girls, Inc. v. Kaz*,
    224 F.R.D. 571 (S.D.N.Y. 2004) .............................................................................. 7

*Jewish Healthcare System's Zucker Hillside Hosp.*,
    2013 WL 784344 (E.D.N.Y. Mar. 1, 2013) ............................................................ 14

*N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*,
    2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012) ................................................. 6, 8, 15

*Rives v. SUNY Downstate Coll. of Med.*,
    2020 WL 4481641 (E.D.N.Y. Aug. 4, 2020) ............................................................ 4

*Sealed Plaintiff v. Sealed Defendant #1*,
    537 F.3d 185 (2d. Cir. 2008) .................................................................................... 3

*United States v. UCB, Inc.*,
    2017 WL 838198 (S.D.N.Y. 2017) ........................................................................... 3

**STATUTES**

Fed. R. Civ. P. 10(a) ...................................................................................................... 3

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT FACTUAL BACKGROUND ........................................................................... 1

    I.     The Parties ................................................................................................... 1

    II.    Factual Allegations ..................................................................................... 2

ARGUMENT ........................................................................................................................ 3

    I.     Factor One: This Litigation Involves Highly Sensitive and Personal
          Allegations, but this Factor is Not Dispositive ...................................... 5

    II.    Factors Two and Three: Plaintiff's Allegations Regarding Retaliation and
          Harm Are Speculative and Unsupported ................................................. 5

    III.   Factor Four: Plaintiff Does Not Require Protection Based on Her Age ............... 8

    IV.   Factor Five: Plaintiff Challenges the Actions of Private Parties, Who Have
          a More Significant Interest in Protecting Their Reputations Than
          Government Entities .................................................................................. 8

    V.     Factor Six: Ortega and Suarez Would be Prejudiced if Plaintiff Was
          Permitted to Proceed Anonymously ........................................................ 9

    VI.   Factor Seven: Plaintiff's Identity Has Not Been Kept Confidential ..................... 13

    VII.  Factors Eight and Nine: Public Interest Weighs in Favor of Disclosure of
          Plaintiff's Identity Because the Issues Raised are Not Purely Legal in
          Nature ........................................................................................................ 15

    VIII. Factor Ten: There are Alternative Mechanisms for Protecting Plaintiff's
          Confidentiality .......................................................................................... 16

CONCLUSION ................................................................................................................... 18

Defendants Rafael Ortega ("Ortega") and Francisco Suarez ("Suarez"), by their respective counsel, Slarskey LLC and GrayRobinson, P.A., jointly submit this memorandum of law in opposition to Plaintiff's motion for leave to proceed under a pseudonym ("Motion"). (ECF Nos. 44-45.)

## PRELIMINARY STATEMENT

The strong presumption in favor of open judicial proceedings should not be lightly cast aside, especially where, as here, Plaintiff's identity is already known given the amount of publicly available media coverage she has availed herself of. Indeed, a quick internet search using a few key words from the Amended Complaint quickly reveals Plaintiff's identity. Despite the existence of this public information, Plaintiff nonetheless seeks to use her pseudonym status to stage a one-sided publicity campaign against Ortega and Suarez. Plaintiff's incendiary and false allegations have already caused them incalculable reputational damage, which continues to mount as she leverages her celebrity status in the media to cement her unproven allegations in the minds of their peers and the public. Based on the fact pattern here, nine of the ten factors considered under well-established Second Circuit precedent weigh in favor of the disclosure of Plaintiff's identity—and fairness further demands such disclosure because permitting Plaintiff to proceed anonymously would prejudice Ortega and Suarez and place them at an unfair disadvantage in assembling evidence in their respective defenses. Plaintiff's Motion should be denied.

## RELEVANT FACTUAL BACKGROUND

### I.    The Parties

Plaintiff, a Mexico resident, is a former reality television contestant who appeared on Season 3 of Defendant Telemundo Network Group LLC's ("Telemundo") television show, Exatlón Estado Unidos ("the Show"). (*See* Amended Complaint ("Am. Compl."), Dkt. 1-1, ¶¶ 3, 15.) Ortega is a producer of the Show (*id.* ¶ 9), and Suarez is an Executive Vice-President of

Primetime Realities and Specials for Telemundo. (*See* Declaration of Francisco Suarez, dated December 8, 2022, Dkt. 39, ¶ 4.) Two of the remaining corporate defendants, NBCUniversal Media, LLC and Comcast Holdings Corporation, are affiliated with Telemundo and/or the production of the Show.[1] (Am. Compl., ¶¶ 4-8.)

## II.   Factual Allegations[2]

During filming of the Show in the Dominican Republic, Plaintiff was injured and received medical attention at a nearby hospital in August through September 2019. (*See* Am. Compl., ¶ 16.) While at the hospital, Defendants allegedly confiscated her cell phone and subjected her to "constant visits" by Ortega purportedly based on his sexual interest in her. (*Id.* ¶¶ 17-18.) During one of these visits, Plaintiff claims Ortega permitted her to use his cell phone so she could call her mother, but "stood over her and told her to lie" that "everything was fine." (*Id.* ¶ 19.)

In December 2019, a few months after Plaintiff's release from the hospital, Plaintiff claims Ortega invited her to an alleged "business meeting" at a hotel in Mexico to discuss the possibility of her returning for another season of the Show. (*See* Am. Compl., ¶ 10.) Two other former contestants also attended the meeting at the hotel's restaurant and bar. (*Id.*) After the other contestants left the meeting, Plaintiff claims Ortega "insisted" that Plaintiff stay at his hotel room that evening, which she agreed to because he had "decision-making power" in the production of a show that she hoped to continue to be involved in. (*Id.* ¶¶ 24, 26.) That evening, Plaintiff alleges that Ortega sexually assaulted her. (*Id.* ¶¶ 27-28.) Plaintiff claims she subsequently felt compelled to "maintain appearances of friendship" with Ortega because she

---

[1]     Defendant Acun Media Pacific LLC has no alleged or known relationship to the Show.

[2]     Ortega and Suarez vigorously dispute the allegations in the Amended Complaint. They are recited here only to provide context to Plaintiff's Motion.

worried that complaining to any of the corporate defendants would provoke Ortega to end her casting opportunities with Telemundo. (*Id.* ¶ 29.) Plaintiff does not allege that Suarez was present or in any way involved in any of these alleged acts.

## ARGUMENT

Fed. R. Civ. P. 10(a) requires that every pleading have a title naming all parties. *See* Fed. R. Civ. P. 10(a). This rule, "though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d. Cir. 2008). Therefore, "the burden a plaintiff must satisfy in order to proceed under confidentially [sic] is exacting." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 403 (S.D.N.Y. 2019); *see also Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (courts "begin with a presumption against anonymous or pseudonymous pleading") (citations omitted).

"The question for the district court is whether the plaintiff has a 'substantial privacy' interest that 'outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (quoting *Sealed Plaintiff*, 537 F.3d at 189). "The district court must also consider the interests of the opposing party." *Id*. Importantly, plaintiffs "seeking anonymity must base their allegations" about these competing interests "on more than just 'mere speculation.'" *Skyline Automobiles*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, 2017 WL 838198, at *3 (S.D.N.Y. 2017)).

In *Sealed Plaintiff*, the Second Circuit identified a "non-exhaustive" list of considerations that a district court should consider when ruling on a motion to proceed anonymously:

1. whether the litigation involves matters that are "highly sensitive and [of a] personal nature";

2. "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties";

3. whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity";

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

9. "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities"; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189.

A district court is not required to list each of the factors or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id.* at 191 n.4. It is important to note, though, that even if a plaintiff invokes several of the *Sealed Plaintiff* factors in her favor, the showing must still be "strong enough . . . to demonstrate that h[er] case should be treated as an 'exception' to the general rule that parties litigate in their own names." *Rives v. SUNY Downstate Coll. of Med.*, 2020 WL 4481641, at *2 (E.D.N.Y. Aug. 4, 2020). An analysis of the

*Sealed Plaintiff* factors compels the conclusion that Plaintiff's interests do not outweigh the public's interest in openness or the prejudice it would cause to Defendants, particularly Ortega and Suarez.

## I.   Factor One: This Litigation Involves Highly Sensitive and Personal Allegations, but this Factor is Not Dispositive

Admittedly, Plaintiff's allegations of sexual assault are "highly sensitive and of a personal nature," and thus, the first factor of *Sealed Plaintiff* weighs in Plaintiff's favor. *See, e.g.*, *Skyline Automobiles*, 375 F. Supp. 3d at 405. "However, this factor is not dispositive" given that "[c]ourts in this district have explained that 'allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym.'" *Weinstein*, 484 F. Supp. 3d at 94 (quoting *Skyline Automobiles*, 375 F. Supp. 3d at 405). "Indeed, courts have denied motions to proceed under a pseudonym in similar circumstances." *Id.* (citing *Skyline Automobiles*, 375 F. Supp. 3d at 405 (denying motion despite finding that the plaintiff's allegations of sexual assault were "highly sensitive and of an extremely personal nature"); *Doe v. Townes*, 2020 WL 2395159, at *3-7 (S.D.N.Y. May 12, 2020) (denying motion despite finding that first *Sealed Plaintiff* factor weighed in favor of anonymity based on "graphic and serious" allegations of a "history" of sexual abuse); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (Chin, J.) (denying motion despite explaining that, "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns")).

## II.   Factors Two and Three: Plaintiff's Allegations Regarding Retaliation and Harm Are Speculative and Unsupported

"The second and third factors evaluate the risks that identification would present and the likelihood of those physical and mental harms. If disclosure creates risk of harm from third parties, disclosure is disfavored." *Townes*, 2020 WL 2395159, at *4. Here, Plaintiff's briefing asserts that she fears: (1) "retaliation against [her] or her non-party family members . . .

by Defendants . . . [and] other media companies who are known to 'blacklist' individuals who object to or complain about the pervasive sexual misconduct in the showbusiness [sic] industry"; and (2) "damage to her career and professional opportunities." (Motion, at 5-6.) These claims are plainly speculative and directly undermined by Plaintiff's prior conduct.

As an initial matter, even if Plaintiff's purported concerns for retaliation and/or harm had any validity, they would nonetheless be outweighed by the fact that ████████ ████████████████. As noted in more detail below (*see* Section VI, *infra*), Plaintiff has ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████, including after they were filed and removed to this Court. *See Doe v. Leonelli*, 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022) (the plaintiffs' prior "disclosures" of the underlying allegations to third-parties "undercut" their "position that proceeding pseudonymously [wa]s required to protect them from retaliatory harm"). Had Plaintiff been truly concerned about any of the purported harms alleged, she would have sought to *minimize* her public visibility vis-à-vis her misconduct allegations, not emphasize it, especially in light of the information already publicly available. Regardless, Plaintiff's purported fears of retaliation and/ or harm are neither properly supported nor relevant to the Court's underlying analysis.

First, Plaintiff does not support her supposed concerns of "retaliation" against her and her family or "damage" to her future career prospects with *any evidence whatsoever*. Neither claim is based on an affidavit attesting to such belief, or any other objective evidence. Instead, her cursory allegations reflect only the rank speculation of her attorneys. This is plainly insufficient. *See*, *e.g.*, *Doe v. McLellan*, 2020 WL 7321377, at *2 (E.D.N.Y. Dec. 10, 2020)

6

("[p]laintiff submits no evidence of continued harm, nor any evidence of the severity or likelihood of retaliation or any physical or mental harm," and therefore, "the second and third factor weigh against granting plaintiff's motion"); *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, 2012 WL 5899331, at *6 (S.D.N.Y. Nov. 26, 2012) (failure to provide declaration or other evidence to support risk of alleged retaliatory physical or mental harm "militates against" granting motion to proceed pseudonymously).

In addition to these evidentiary concerns, Plaintiff's claims are also completely devoid of any detail or specificity. *See Townes*, 2020 WL 2395159, at *4 ("The risks must be more than speculative claims[.]"). While Plaintiff repeatedly, and self-servingly, describes herself as a "well known media personality," she does not explain what work she has previously completed in the industry, what "future career prospects" she seeks to protect, or any individualized basis upon which to believe that the disclosure of her identity would negatively impact same. *See id.* ("A risk of retaliation may be found where there is a history of substantiated prior action directed at plaintiff(s) from defendant(s)."). Instead, she "simply projects generalized harm, and more is required for her to satisfy her burden." *Skyline Automobiles*, 375 F. Supp. 3d at 406 (finding that the second and third factor weighed against granting the plaintiff's motion to proceed pseudonymously); *see, e.g.*, *Leonelli*, 2022 WL 2003635, at *2 (plaintiff's "fail[ure] to identify any direct evidence linking disclosure [of her identity] to any specific physical or mental injury" weighed in favor of denial of motion to proceed pseudonymously).

Second, even if Plaintiff had supported her claims with evidence and provided more detail of her purported concerns, courts in this Circuit have repeatedly held that a plaintiff's "desire to avoid . . . economic loss is *insufficient* to permit h[er] to appear without disclosing h[er] identity." *Free Mkt. Comp. v. Commodity Exch., Inc.*, 98 F.R.D. 311, 313 (S.D.N.Y. 1983)

(emphasis added); *see also Abdel-Razeq v. Alvarez & Marshal, Inc.*, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) (noting that "courts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests" and collecting cases); *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) ("Courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life."). Plaintiff's generalized allegations concerning the potential impact on her future employment or economic injury, therefore, do not entitle her to shield her identity.[3]

### III. Factor Four: Plaintiff Does Not Require Protection Based on Her Age

Plaintiff's age weighs in favor of disclosure. Where, as here, a party is an adult during all relevant times up to and including the subject proceedings, the need for anonymity is less weighty. *See Townes*, 2020 WL 2395159, at *5 ("Courts have been readier to protect the privacy interests of minor plaintiffs than adults."). Here, Plaintiff was an adult during the production of the Show and when any and all misconduct purportedly occurred in 2019. She "has not identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names, subject to public scrutiny." *Weinstein*, 484 F. Supp. 3d at 96 (finding that "the fourth factor weights against Plaintiff's request to proceed under a pseudonym").

### IV. Factor Five: Plaintiff Challenges the Actions of Private Parties, Who Have a More Significant Interest in Protecting Their Reputations Than Government Entities

Suits against the government "involve no injury to the Government's reputation." *N. Jersey Media*, 2012 WL 5899331, at *7. On the other hand, suits against purely private

---

[3] Plaintiff does not elucidate what form of "retaliation" she fears may befall her "non-party family members," let alone provide any evidence to substantiate that concern. (Motion, at 5.) It is nonetheless clear that such "speculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *McLellan*, 2020 WL 7321377, at *2.

parties, as is the case here, "may cause damage to their good names and reputations." *Id.* "Thus, courts are less inclined to allow [plaintiffs] to proceed anonymously in private party cases." *Skyline Automobiles*, 375 F. Supp. 3d at 406 (citing *N. Jersey Media*, 2012 WL 5899331, at *7).

Here, no government entity is involved in the litigation that would militate in favor of granting Plaintiff's request to proceed pseudonymously. Ortega and Suarez have a substantial interest in maintaining their good names and reputations, particularly in light of the seriousness of Plaintiff's claims against them. Therefore, the fifth *Sealed Plaintiff* factor weighs in favor of requiring disclosure.

## V.   Factor Six: Ortega and Suarez Would be Prejudiced if Plaintiff Was Permitted to Proceed Anonymously

The sixth factor analyzes the prejudice to a defendant if a plaintiff were to proceed anonymously. "Information and allegations that are highly sensitive and of a personal nature can flow both ways." *Skyline Automobiles*, 375 F. Supp. 3d at 407 (citing *Anonymous v. Simon*, 2014 WL 819122, at *2 (S.D.N.Y. Mar. 3, 2014) ("Plaintiff's allegations and public comments embarrass Defendant and place him under the same stigma that concerns Plaintiff.")). "Courts will examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously." *Townes*, 2020 WL 2395159, at *5.

Here, Plaintiff claims that Defendants will not suffer any prejudice from her proceeding anonymously because they "know Plaintiff's identity" and "will still be able to investigate Plaintiff's allegations." (Motion, at 7.) But this flies in the face of the practical realities of a fact-intensive litigation and would put Ortega and Suarez at a severe disadvantage throughout discovery and trial.[4] More specifically, "Plaintiff's anonymity would make it more

---

[4] Without explaining further, Plaintiff claims several times that Defendants will not be prejudiced "[a]t this early stage of litigation." (Motion, at 6-7.) While unclear, to the extent Plaintiff intended to refer to the pre-discovery phase of this litigation—and in particular, to the period of time when Defendants'

difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately cross-examine the Plaintiff." *Skyline Automobiles*, 375 F. Supp. 3d at 407. Simply put, the notion that Defendants will be able to reasonably investigate all of Plaintiff's factual claims—which cover purported misconduct that occurred in at least two different countries (the Dominican Republic and Mexico), at multiple locations (including a hospital, restaurant, and hotel), and in front of scores of potential witnesses—without revealing her identity and/or the substance of allegations made in order to contextualize investigational interviews, deposition questions, and discovery requests to numerous third-parties in the process is absurd on its face.

Despite Plaintiff's claim otherwise, the mere fact that Ortega, Suarez, and the remaining Defendants are aware of Plaintiff's identity does not alter this concern. *See Leonelli*, 2022 WL 2003635, at *5 (mere fact that defendants knew plaintiffs' identities "d[id] not account for the prejudice suffered by the asymmetry of information" including, "potentially unknown witnesses" who "may not otherwise come forward if they do not know who this accuser is" since "they likely would have no way of knowing that their information would be pertinent"); *Townes*, 2020 WL 2395159, at *6 (even where defendants were aware of the plaintiff's identity, factor weighed against proceeding anonymously since "[d]ue to the nature of the [sexual assault] allegations, which are graphic and serious, the reputational damage risk to Defendant is high"); *Skyline Automobiles*, 375 F. Supp. 3d at 407 (in a case alleging sexual harassment, "[a]llowing Plaintiff to proceed anonymously would disadvantage Defendants at all stages of litigation"). Ortega and Suarez would still be hampered in their ability to effectively defend against

---

omnibus Motion to Dismiss remains pending—this argument fails to address the prejudicial effect of Plaintiff's anonymity throughout the remainder of the litigation, which is what is at stake in this Motion. It cannot be reasonably disputed that any subsequent stage of this litigation (should there be any) will be highly fact intensive given the nature of the allegations asserted.

Plaintiff's claims by virtue of their inability to freely communicate with potential witnesses and third-parties concerning Plaintiff's allegations. *See Del Rio*, 241 F.R.D. at 159 ("[C]oncealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses."). Given the severity of the allegations against Ortega and Suarez, personally, it is imperative that they be able to identify Plaintiff by name as they proceed to clear their own names and re-establish their respective reputations.

In addition to the substantive prejudice described above, Plaintiff's plans for how she will use her anonymity, if it is permitted, is already apparent. Despite Plaintiff's supposed claim that she hopes to remain anonymous, she has used her anonymity as both a shield and a sword in that Plaintiff's counsel has repeatedly spoken to the media regarding this lawsuit, including to the ███████████████, a ████████████ ████████████████████, and various online digital publications.[5] (*See* Exs. A, B, annexed to the Declaration of Renee Bea, dated January 6, 2023 ("Bea Decl.").) These interviews and/or resulting news stories often name one or more of the Defendants, including Ortega and/or Suarez, but fail to identify Plaintiff. So, while Plaintiff's counsel uses Ortega and Suarez's names openly with the media and Defendants' reputations suffer from Plaintiff's accusations, Plaintiff seeks to maintain her anonymity without



reason. *See Townes*, 2020 WL 2395159, at *5 (sixth Sealed Plaintiff factor weighed in favor of disclosure because, "where plaintiffs allege sexual assault, courts have found a reputational damage risk to a defendant"). That Plaintiff has used her pseudonym status to stage a one-sided publicity campaign during the course of this litigation, and has not demonstrated that she will cease from doing so, further supports denying her motion.

"Plaintiff has chosen to bring this lawsuit" and "[f]airness requires that she be prepared to stand behind her charges publicly." *Shakur*, 164 F.R.D. at 361. Permitting Plaintiff to proceed anonymously would improperly permit her to levy "accusations from behind a cloak of anonymity" while Ortega and Suarez are "required to defend [themselves] publicly before a jury." *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (internal quotation marks omitted). Accordingly, the sixth *Sealed Plaintiff* factor weighs in favor of disclosure. *See, e.g.*, *McLellan*, 2020 WL 7321377, at *3 (explaining that "[o]ur system of dispute resolution causes the balance of this factor to weigh in favor of Defendants" because "[a]llowing plaintiff to proceed anonymously would disadvantage the defendant at all stages of litigation") (internal quotation marks omitted); *Weinstein*, 484 F. Supp. 3d at 97 (sixth *Sealed Plaintiff* factor weighed in favor of disclosure, even though Defendants knew of the plaintiff's identity, because the defendant "might need to disclose her name to at least some third parties" during discovery); *Skyline Automobiles*, 375 F. Supp. 3d at 407 (sixth *Sealed Plaintiff* factor weighed in favor of disclosure, even though Defendants knew of the plaintiff's identity, because permitting anonymity "would disadvantage Defendants at all stages of litigation, including settlement, discovery, and trial").

## VI.    Factor Seven: Plaintiff's Identity Has Not Been Kept Confidential

"If a plaintiff's confidentiality has not been maintained throughout the proceedings, there is less of a risk of harm should the plaintiff not be permitted to proceed under a pseudonym." *Skyline Automobiles*, 375 F. Supp. 3d at 407. Here, contrary to Plaintiff's (stunningly false) claims otherwise (Motion, at 7), *she has not kept her identity confidential*.

As an initial matter, in approximately ██████, Plaintiff was ████████ on the ███████████████████████████████ during which she claimed she was ██████ by ███████████████████████████ while recording the Show and ████████████████████████ (Bea Decl., Ex. C, at 2.[6]) The ████ ██████ which ██████ on Plaintiff's ████████████ prominently ████████ ██████████████. (*Id.* at 1.) On ████████, the same ████████████ once again ███████████████████, ████████████████████████, and noted that ████████████████████████████. (Bea Decl. at ¶¶ 6-8.[7]) While Plaintiff makes no allegations against Suarez in her Amended Complaint, her ██████████ are, of course, directly tied to her allegations in this lawsuit.

Moreover, in ████████—approximately ████████████████—various other ████████████████ either ████████



██████████████████████████████████████████████

████████████ :

- █████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- █████████████████████████████████████████████████████████████████████████████████████████████████████████████████

(Bea Decl., Exs. B, D-F.)

      For all intents and purposes, Plaintiff has already ██████████████████████████████

in this matter and inextricably linked herself to the crux of the allegations contained in the



Amended Complaint. As a result, Plaintiff has negated any claimed need to proceed pseudonymously. *See Del Rio*, 241 F.R.D. at 158 ("[T]he plaintiff's interest in anonymity is weaker where anonymity has already been compromised."); *see, e.g.*, *Jewish Healthcare System's Zucker Hillside Hosp.*, 2013 WL 784344, at *4 (E.D.N.Y. Mar. 1, 2013) (denying plaintiff's motion to proceed anonymously, in part, because she already stated in public documents that a book published under a pseudonym detailed her experiences); *Shakur*, 164 F.R.D. at 362 (denying plaintiff's request to proceed anonymously in sexual assault case, in part, because her name was already known to the press). Simply put, anyone with internet access can identify Plaintiff.[12]

**VII.   Factors Eight and Nine: Public Interest Weighs in Favor of Disclosure of Plaintiff's Identity Because the Issues Raised are Not Purely Legal in Nature**

The eighth and ninth factors require the Court to balance whether the public's interest in the litigation is furthered by disclosure of the plaintiff's identity. *See Sealed Plaintiff*, 537 F.3d at 190. "Where the litigation involves, not abstract challenges to public policies, but rather . . . particular action and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *N. Jersey Media*, 2012 WL 5899331, at *8 (internal quotations omitted); *compare*

*Sealed Plaintiff*, 537 F.3d at 190 (when the issues presented are "purely legal in nature," generally "there is an atypically weak public interest in knowing the litigants' identifies").

Here, the crux of this litigation—especially insofar as the claims are asserted against Ortega and Suarez—does not involve abstract questions of law, but specific factual allegations of sexual assault and other individualized misconduct. "These issues are of the type that further the public's interest in enforcing legal and social norms." *Skyline Automobiles*, 375 F. Supp. 3d at 408 (internal quotation marks omitted) (finding allegations of sexual assault and sexual harassment militated toward disclosure). "Any analysis and litigation in this case will be factual in nature, and the public interest in sexual assault is very high." *Id.* As such, the eighth and ninth factor weigh in favor of requiring disclosure.[13] *See, e.g.*, *Townes*, 2020 WL 2395159, at *6 ("specific factual allegations of harassment and assault, of both a non-sexual and sexual nature, and other mistreatment and abuse by Defendant" weigh in favor of disclosure).

## VIII.   Factor Ten: There are Alternative Mechanisms for Protecting Plaintiff's Confidentiality

"The final factor asks courts to consider what other mechanisms exist for protecting plaintiff's confidentiality." *Townes*, 2020 WL 2395159, at *6 (citing *Sealed Plaintiff*, 537 F.3d at 190. This factor is not just about a plaintiff's identity, but also the "protect[ion of] particularly sensitive information." *Weinstein*, 484 F. Supp. 3d at 98. The existence of adequate

---

[13] Plaintiff's citation to *Doe v. Haynes*, 2019 WL 2450813 (E.D. Mo. June 12, 2019), and its analysis of *Shakur* as purportedly supportive of her claim that the "public's interest would not be furthered by forcing Plaintiff to reveal herself" is misplaced. (Motion, at 7-8.) As an initial matter, the Eastern District of Missouri is in the Eighth Circuit, and thus, does not follow the *Sealed Plaintiff* factors, so *Haynes* generalized analysis of a plaintiff's motion to proceed pseudonymously bears little (if any) relevance to the rubric used by this Court to assess Plaintiff's Motion. Moreover, the *Haynes* Court explicitly noted that, unlike the plaintiff therein, the name of the plaintiff in *Shakur* was "already known to the press, rendering public identification in court filings a moot issue." *Haynes*, 2019 WL 2450813, at *3. So too, here, Plaintiff has ███████████████████████████████████. (*See* Section VI, *supra*.) Thus, whatever little persuasive authority *Haynes* could theoretically offer is immaterial in view of Plaintiff's circumstances.

alternative mechanisms for protecting a plaintiff's confidentiality weighs against allowing anonymity. *See Doe v. United States*, 2017 WL 2389701, at *2 (S.D.N.Y. June 1, 2017).

Despite Plaintiff's conclusory claim to the contrary (Motion, at 8), she "can seek less drastic remedies than blanket anonymity," such as redactions, a protective order, or a confidentiality agreement to protect particularly sensitive information, including particular details of the alleged sexual misconduct and/or any purportedly relevant medical information. *Weinstein*, 484 F. Supp. 3d at 98 (denying the plaintiff's motion to proceed pseudonymously) (citing *Skyline Automobiles*, 375 F. Supp. 3d at 408 ("There are multiple other ways a plaintiff's interests can be protected, including the redaction of documents and sealing . . . [,] a protective order, or the parties could enter a confidentiality agreement."); *Doe v. Berg*, 2016 WL 11597923, at *3 (S.D.N.Y. Feb. 10, 2016) ("[T]here are alternative mechanisms, such as redaction, that may protect the most sensitive information Plaintiff reveals in her complaint.")). While Plaintiff may be partial to anonymity, her preference makes these alternative measures no less protective of her privacy. *Doe v. Juan Gonzales Agency Corp.*, 2022 WL 3100669, at *5 (S.D.N.Y. Aug. 4, 2022) ("[T]he standard is not whether an alternative mechanism will protect a party in the same way as pseudonymity; the question is whether mechanisms exist to protect Plaintiff in the alternative."). This factor, thus, weighs in favor of the disclosure of her identity. *See*, *e.g.*, *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (finding that the "availability of alternative measures to protect" sensitive information regarding the plaintiff "cuts against" motion to proceed by pseudonym); *Juan Gonzales Agency*, 2022 WL 3100669, at *5 (factors weighs in favor of disclosure because "redaction and the entry of a protective order could serve as alternatives to protecting Plaintiff's privacy").

## **CONCLUSION**

There is a strong presumption in favor of open judicial proceedings that cannot, and should not, be lightly put aside. *See Sealed Plaintiff*, 537 F.3d at 189. Almost any litigant can claim that some discrete aspect of a judicial proceeding may impact their lives. Here, Plaintiff has affirmatively chosen to avail herself of the judicial process by initiating this action *after* ███████████████████████████████████████████, no less. It requires unique and extraordinary facts to justify proceeding pseudonymously, which Plaintiff has wholly failed to demonstrate. Although Plaintiff's allegations are highly sensitive and of a personal nature, *Sealed Plaintiff* factors two through ten weigh against granting Plaintiff's Motion. As a result, Ortega and Suarez respectfully request that the Court deny Plaintiff's motion to proceed pseudonymously. *See, e.g.*, *Skyline Automobiles*, 375 F. Supp. 3d 408 (rejecting purported sexual assault and sexual harassment victim's motion to proceed pseudonymously where *Sealed Plaintiff* factors two through ten weighed in favor of denial).

Dated:  New York, New York
    January 6, 2023

SLARSKEY LLC


By:_____/s/_____
Renee Bea
Richard Weingarten
767 Third Avenue, 14th Floor
New York, New York 10017
*Counsel for Defendant Rafael Ortega*



GRAYROBINSON, P.A.

By:_____/s/_____
Fabian A. Ruiz
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131
*Counsel for Defendant Francisco Suarez*